UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA B.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 2:26-CV-10-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in her evaluation of certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I. Factual and Procedural History

Plaintiff filed a claim for SSI[2] on August 27, 2020, alleging disability beginning on July 17, 2019. Dkt. 7, Administrative Record ("AR") 248–50, 255–64. Her application was denied at the initial level and on reconsideration. AR 68–95, 111–19. She requested a hearing before an ALJ, which took place on October 17, 2024.[3] AR 38–67, 120–22. Plaintiff was represented by counsel at the hearing. *See* AR 38. On November 5, 2024, the ALJ issued an unfavorable decision finding Plaintiff had not been under a disability since August 27, 2020. AR 20–37. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6, 245–47. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

In the final decision, the ALJ found Plaintiff had the severe impairments of plantar fasciitis, fibromyalgia, migraine headaches, depressive disorder, arrythmias, anxiety disorder, and centronuclear myopathy. AR 25. Despite these impairments, the ALJ found Plaintiff had the RFC to perform light work as described in 20 C.F.R. § 416.967(b) with certain caveats:

> [T]he claimant can stand and walk for 6 hours in an 8-hour day and sit for 6 hours in an 8-hour day. The claimant can perform frequent bilateral fine fingering and gross handling. The claimant can frequently climb ladders, ropes, and scaffolds, stoop, kneel, crouch, and crawl. The claimant is unlimited in climbing ramps and stairs as well as balancing. She must avoid concentrated exposure to temperature extremes, and hazards. The claimant is capable of occasional interaction with the general public.

AR 27.

---

[2] Plaintiff also filed a claim for disability insurance benefits, but she did not qualify. AR 107–10, 251–54.

[3] The ALJ initially dismissed Plaintiff's request for a hearing for failure to appear, but the Appeals Council granted Plaintiff's request for review of the dismissal and remanded the case to the ALJ. AR 96–100, 101–05, 195–96.

## II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III. Discussion

Plaintiff contends the ALJ erred in evaluating certain medical opinion evidence and Plaintiff's testimony about the severity of her symptoms, leading to an incomplete RFC and erroneous step five findings. Dkt. 10 at 1–2. She contends the proper remedy for these errors is remand for further administrative proceedings or alternatively for an award of benefits. *Id.* at 11.

### A. *Medical Opinion Evidence*

Plaintiff contends the ALJ erred in evaluating medical opinion evidence from Katia Ramirez, Psy.D., and Dan Phan, M.D. Dkt. 10 at 4–6.

When evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[4] Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

[4] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

Plaintiff first contends the ALJ improperly rejected medical opinion evidence from Dr. Katia Ramirez. Dkt. 10 at 4. Dr. Ramirez performed a psychological evaluation of Plaintiff on April 2, 2021. AR 608–14. She based her opinion on a clinical interview with Plaintiff and Plaintiff's function report. AR 608. Dr. Ramirez diagnosed Plaintiff with depressive disorder and generalized anxiety disorder. AR 612. She opined that Plaintiff was intellectually capable of performing simple and repetitive tasks, as well as some more complex or detailed tasks, and that she would not have difficulty accepting instruction from supervisors or getting along appropriately with coworkers and the public. *Id.* However, Dr. Ramirez believed Plaintiff "would have difficulty participating in an interview, attending work regularly, and making it through a workday without significant disruption from her psychological symptoms of anxiety and depression[;]" "currently would need additional supervision[ ]to perform on a consistent basis due to her psychological symptoms[;]" and, "[f]rom a psychological perspective at this time," could not "deal with the usual stress in a competitive or intense work environment on an ongoing basis." *Id.*

The ALJ found Dr. Ramirez' opined limitations not persuasive. AR 30. Regarding the supportability of the opinion, the ALJ noted that, "[w]hile [Plaintiff] had some mood dysregulation at the exam, her performance in mental status testing was very good overall." *Id.* But the ALJ did not explain why Plaintiff's mental status exam results—showing intact memory, adequate fund of knowledge, and ability to answer arithmetic problems, spell, recite the months, and name animals—failed to support Dr. Ramirez' findings that Plaintiff would have limitations from her mood disorders. Without such explanation, the Court cannot say this finding is supported by substantial evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her

conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

The ALJ's only other comment about Dr. Ramirez' opinion was that "there is a lack of substantive evidence of regular behavioral health treatment in the longitudinal record and the claimant chose to discontinue both therapy and medications supporting finding that her symptoms are not as severe as reported." AR 30. The ALJ made no mention of whether Dr. Ramirez' opinion of Plaintiff's limitations was consistent with the record, only that the record did not show Plaintiff received regular mental health treatment. Defendant argues this amounted to a finding that Dr. Ramirez' opined limitations were inconsistent with other records, citing AR 536, 641, 651, 673, 1451, and states "the ALJ reasonably found Dr. Ramirez's limitations to be inconsistent with the overall medical evidence." Dkt. 11 at 7. But the ALJ made no such finding, nor did she reference the records cited by Defendant. As noted above, the Court cannot affirm an ALJ's decision by supplying a rationale that was not provided in the opinion. *See Garrison*, 759 F.3d at 1010; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

Accordingly, the ALJ erred. Had the ALJ properly considered this evidence, the RFC may have included additional limitations or the ultimate determination of disability may have changed. Therefore, the ALJ's error is not harmless and requires reversal.[5]

[5] Because the Court finds the ALJ harmfully erred in assessing Dr. Ramirez' opinion evidence, the Court declines to address Plaintiff's additional challenges to the ALJ's evaluation of medical opinion evidence from Dr. Phan.

B. *Remedy*

Plaintiff briefly argues the proper remedy for the ALJ's errors is remand for an immediate award of benefits. Dkt. 10 at 11. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

The Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts or that no issues remain that must be resolved. Because there are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and ability to perform other jobs existing in significant numbers in the national economy, remand for further administrative proceedings is appropriate.

C. *Remaining Issues*

Plaintiff further contends the ALJ failed to properly evaluate Plaintiff's testimony about the severity of her symptoms and failed to account for the frequency and vocational impact of Plaintiff's severe migraine headaches in the RFC and step five findings. Dkt. 10 at 1–2. As noted above, the Court concludes the ALJ committed harmful error in assessing certain medical opinion evidence and remand for further proceedings is appropriate. Because Plaintiff may be able to present new evidence and new testimony on remand, the ALJ must reconsider all the medical evidence in the record. Accordingly, on remand, the ALJ is instructed to re-evaluate the entire sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a

claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two physicians' findings).

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning August 27, 2020. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 21st day of July, 2026.

David W. Christel
United States Magistrate Judge